UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BENNY SOUTHARD,            )
   Plaintiff,              )
                           )
vs.                        )        No. 20-3074
                           )
JB PRITZKER, et. al.,      )
   Defendants.             )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Illinois Governor J.B. Pritzker, Illinois Department of Corrections (IDOC) employee Rob Jeffreys, Dr. Dina Paul, and Dr. Thomas Baker have violated his constitutional rights.

Plaintiff suffers from Hepatitis C and he is dissatisfied with how the State of Illinois addresses prisoners with this condition. Plaintiff admits he is a member of the pending class action concerning medical care provided for Hepatitis C inmates, but he now wishes to bring an individual claim. (Comp., p. 3); *see Orr v. Elyea*, Case No. 08-2232 and *Rentfro v. IDOC*, Case No. 13-2056. However, the body of Plaintiff's complaint

1

includes several vague allegations and fails to explain how the named Defendants were involved in any conduct which specifically impacted Plaintiff.

Factual allegations in a complaint must provide enough detail to give "'fair notice of what the ... claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)(add'l citation omitted). In addition, Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Finally, Federal Rule of Civil Procedure 10 requires the pleader to "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances."Fed.R.Civ.P. 10 (b) "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

Therefore, the complaint is dismissed for failure to state a claim upon which relief can be granted and as a violation of Rules 8 and 10 of the Federal Rules of Civil Procedure.

The Court will allow Plaintiff one opportunity to file an amended complaint clarifying his claims.  Plaintiff's amended complaint must include numbered paragraphs.  Plaintiff must explain the who, what, when, and where of his allegation. In other words, who did Plaintiff ask for additional medical care, when did he ask, at what correctional facility did he ask, what happened, and why was the response insufficient.

Plaintiff is also reminded he must identify the proper Defendants. In order to hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)( Supervisors are not liable for the errors of their subordinates).

In addition, Plaintiff is reminded that most claims must fall within the two-year statute of limitations period unless Plaintiff adequately pleads a continuing violation. *See Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992); *Heard v. Sheahan,* 253 F.3d 316, 319–20 (7th Cir. 2001).

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and as a violation of Federal Rules of Civil Procedure 8 and 10.

2) Plaintiff must file an amended complaint in compliance with this order within 21 days or on or before July 10, 2020. If Plaintiff fails to file his amended complaint

on or before July 10, 2020, or fails to follow the Court's directions, his case may be dismissed. Plaintiff should use the complaint form provided.

3) Plaintiff is reminded he must immediately notify the Court in writing of any change in his mailing address and telephone number. Failure to provide this information could result in the dismissal of his lawsuit.

4) The Clerk of the Court is to provide Plaintiff with a blank complaint form and reset this case for an internal merit review within 30 days.

Entered this 18th day of June, 2020.

                                   s/James E. Shadid
                 _____
                                  JAMES E. SHADID
                       UNITED STATES DISTRICT JUDGE